PHILLIP A. TALBERT
Acting United States Attorney
DEBORAH LEE STACHEL
Acting Regional Chief Counsel, Region IV
Social Security Administration
SHARON LAHEY (CBSN 263027)
Special Assistant United States Attorney
160 Spear Street, Suite 800
San Francisco, California 94105
Telephone: (415) 977-8963
Facsimile: (415) 744-0134
E-Mail: sharon.lahey@ssa.com

Attorneys for DEFENDANT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MICHAEL E. TRUELSEN,<br><br>  Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner<br>  Of Social Security,<br><br>  Defendant. | CIVIL NO. 2:15-cv-02386-KJN<br><br>**DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY MEMORANDUM; SUR-REPLY MEMORANDUM; AND DECLARATION OF SHARON LAHEY, ESQ., IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY MEMORANDUM** |

Carolyn W. Colvin, Acting Commissioner of Social Security (the "Commissioner") hereby moves the Court for leave to file a sur-reply memorandum addressing arguments set forth in Michael E. Truelsen's ("Plaintiff") Response To Defendant's Motion For Summary Judgment And/Or Remand From The Commissioner's Final Decision (Docket Number 16) (the "Reply").  Contrary to Plaintiff's assertion that the Commissioner did not contact him regarding his failure to submit the evidence upon which he seeks reversal and/or remand, the undersigned e-mailed Plaintiff's counsel on April 28, 2016 notifying him of his failure to submit the evidence.  A true and correct copy of this e-mail is attached as Exhibit A to the Declaration of Sharon Lahey, Esq., filed herewith.  Plaintiff's counsel never replied to Ms. Lahey's April 28, 2016 e-mail.

The Appeals Council properly excluded the evidence upon which Plaintiff bases his appeal because it postdates the Commissioner's decision and Plaintiff's eligibility date for Disability Insurance Benefits under the Social Security Act (the "date last insured") (Def.'s Cross-Mot. For Summ. J. ("Def.'s Brief"), pp. 5–6).  In the Reply, Plaintiff's counsel states that he would have no objection to the Court granting the Commissioner an opportunity to address the evidence Plaintiff failed to submit with his motions for summary judgment (Pl.s' Br. at p. 2).[1]  Accordingly, the Commissioner respectfully requests that the Court grant the Commissioner leave to submit the sur-reply memorandum below.

### SUR-REPLY MEMORANDUM

Even excusing, arguendo, Plaintiff's procedural deficiencies, he continues to fail to establish any basis for reversal.  The September 2, 2015 letter from the Department of Veterans Affairs (VA) unambiguously identifies the "effective date" for its 100-percent disability rating as March 19, 2015, well after Plaintiff's September 30, 2011 date last insured and the November 26, 2014 ALJ decision (Defendant's Brief at pp. 5–6) (Docket Number 16-2, p. 4).   Therefore, in addition to the valid reasons for affirmance set forth in Defendant's Brief, to wit, the Social Security Administration is not bound by a VA determination, Plaintiff's longitudinal treatment record show treatment adequately controlled his symptoms, Plaintiff's activities of daily living show he was capable of performing the work set forth in his residual functional capacity, and the medical opinions supporting the Commissioner's findings, the September 2, 2015 VA letter on its face demonstrates that it does not present any basis for reversal.

Dated:  May 26, 2016                          Respectfully submitted,

                                           PHILLIP A. TALBERT
                                           Acting United States Attorney
                                           DEBORAH LEE STACHEL
                                           Acting Regional Chief Counsel, Region IX
                                           Social Security Administration

                              By:     /s/  Sharon Lahey
                                           SHARON LAHEY
                                           Special Assistant U.S. Attorney

                                           ATTORNEYS FOR DEFENDANT

---

[1] In the April 28, 2016 e-mail, Ms. Lahey also inquired as to why Plaintiff filed two seemingly identical motions for summary judgment (Docket Numbers 13 and 14).  Plaintiff did not respond to this inquiry.

## **ORDER**

Good cause appearing, it is so ORDERED, Defendant is hereby granted leave to file a sur-reply memorandum. Defendant's sur-reply memorandum submitted with her motion for leave to file a sur-reply memorandum shall be deemed filed as of the date of this order. No response to the sur-reply will be allowed.

Dated: June 1, 2016

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE