UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ERIC TRUELSEN, | No. 2:15-cv-2386-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") under Titles II[1] of the Social Security Act ("Act").[2] In his motion for summary judgment and/or remand, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from July 9, 2010, plaintiff's amended alleged disability onset date, through September 30, 2011, the date that plaintiff was last insured for purposes of DIB. (ECF Nos. 13,

---

[1] Plaintiff also filed an application for child's insurance benefits as a disabled adult child, but that application was voluntarily withdrawn and dismissed in the administrative proceedings below. (AT 19-20, 40.)

[2] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 6, 8.)

1

14.)[3] The Commissioner filed an opposition to plaintiff's motion and a cross-motion for summary judgment. (ECF No. 15.) Thereafter, plaintiff filed a reply brief. (ECF No. 16.) Finally, with the court's permission, the Commissioner also filed a surreply. (ECF Nos. 17, 18.)

After carefully considering the parties' written briefing, the court's record, and the applicable law, the court DENIES plaintiff's motion, GRANTS the Commissioner's cross-motion, and AFFIRMS the final decision of the Commissioner.

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

In this case, after conducting a hearing on September 15, 2014, at which plaintiff was represented by counsel, the ALJ issued a written decision dated November 26, 2014, which denied plaintiff's claim for DIB. (AT 19-31, 37-53.) The ALJ determined, *inter alia*, that plaintiff, a Marine Corp veteran who was 27 years old at the time of the ALJ's decision, suffered from a severe affective or schizophrenic disorder; that he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Commissioner's Listings; and that he retained the residual functional capacity ("RFC") to physically perform a full range of work at all exertional levels, and was able to mentally sustain

---

[3] Plaintiff filed what appears to be two identical motions for summary judgment and/or remand on March 30, 2016, and April 8, 2016. (ECF Nos. 13, 14.)

simple repetitive tasks equating to unskilled work, with no public contact, through September 30, 2011, plaintiff's date last insured for purposes of DIB. (AT 22-29.) The ALJ further found that, although plaintiff was unable to perform any past relevant work, there were other jobs that existed in significant numbers in the national economy that plaintiff could have performed. (AT 29-30.) Therefore, the ALJ concluded that plaintiff had not been disabled, as defined in the Act, at any time from July 9, 2010, plaintiff's amended alleged disability onset date, through September 30, 2011, plaintiff's date last insured. (AT 30.)[4]

Subsequently, on October 9, 2015, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (AT 1-5.) As part of his submissions to the Appeals Council, plaintiff submitted additional evidence; more specifically, a September 2, 2015 letter from the United States Department of Veterans Affairs ("VA") indicating that plaintiff's rating under the VA's regulations for his service connected disability of schizophrenia had been increased from 10% to 100%. (ECF Nos. 16-1, 16-2.) In its order denying plaintiff's request for review, the Appeals Council indicated that it had considered the additional evidence, but had ultimately determined that such evidence did not relate to the period at issue in the ALJ's decision. (AT 2.)

On appeal before this court, plaintiff does not challenge the ALJ's evaluation of the medical and mental health evidence or the ALJ's assessment of plaintiff's credibility. Indeed, plaintiff does not contend that the ALJ committed any error in rendering his findings based on the record that was before him. Plaintiff's sole contention is that the September 2, 2015 VA letter constitutes new and material evidence warranting a remand for further consideration of that evidence.

As an initial matter, the Commissioner argues that the court should deny remand on procedural grounds, because plaintiff failed to provide the September 2, 2015 VA letter to the Commissioner's counsel and the court until plaintiff's reply brief was filed, despite prior inquiries

---

[4] To be entitled to DIB, plaintiff must establish that he was disabled for purposes of the Act on or before his date last insured. See Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999); see also AT 54 (showing plaintiff's date last insured as September 30, 2011).

by the Commissioner's counsel.  That argument, though colorable, is ultimately unpersuasive.  Although the September 2, 2015 VA letter was not actually made part of the administrative transcript, it is readily apparent from the record before this court that plaintiff presented it to the Appeals Council, and that the Appeals Council considered it.  (AT 2; ECF Nos. 16-1, 16-2.)  See Brewes v. Comm'r of Soc. Sec., 682 F.3d 1157, 1163 (9th Cir. 2012) (noting that "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").  Additionally, although plaintiff should have attached the September 2, 2015 VA letter to his opening brief, his failure to do so appears to have been at most neglectful, and the opening brief otherwise clearly raised and briefed the issue of a remand in light of allegedly new and material evidence.  Moreover, the Commissioner requested, and was granted, the opportunity to file a surreply addressing the specific September 2, 2015 VA letter.  As such, denying plaintiff's motion on the procedural grounds urged by the Commissioner would be unduly harsh and inappropriate under the circumstances here.

Nevertheless, plaintiff's motion fails on the merits.  Even assuming that the VA's September 2, 2015 decision to award a 100% disability rating under its regulations, which in itself is generally not binding on the Commissioner, see 20 C.F.R. § 404.1504, could constitute new and material evidence under some circumstances, that is not the case here.  The September 2, 2015 VA letter identifies the effective date of the increase in plaintiff's disability rating from 10% to 100% as March 18, 2015, which is several years after plaintiff's date last insured of September 30, 2011.  Therefore, based on this record, plaintiff has not shown that the September 2, 2015 VA letter is material to the period at issue in the ALJ's decision.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment and/or remand is DENIED.
2. The Commissioner's cross-motion for summary judgment is GRANTED.

////

////

3. The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner.

4. The Clerk of Court shall close this case.

IT IS SO ORDERED.  This order resolves ECF Nos. 13, 14, and 15.

Dated:  August 26, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5